No. 16,213.

FORNEY MANUFACTURING COMPANY v. CAIRNS

(214 P. [2d] 375)

Decided January 16, 1950.

Mr. L. R. TEMPLE, Mr. ALBERT P. FISCHER, for plaintiff in error.

Mr. ALDEN T. HILL, Mr. LLOYD E. WILLIAMS, Mr. RALPH H. COYTE, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

RAY B. CAIRNS brought an action against Forney Manufacturing Company to recover judgment for commissions, salary and traveling expenses allegedly due him from the company under a sales manager agreement. Trial was to the court. At the conclusion of the evidence judgment was entered in favor of plaintiff and against defendant for $621.75, together with interest in the sum of $31.31 and costs. Defendant is here by writ of error seeking a reversal.

The sales manager agreement was executed by the parties hereto, and plaintiff alleges, and defendant denies, that plaintiff fully complied with the terms and conditions thereof. Plaintiff further alleges that under the terms of the sales manager agreement there is due and owing him the sum of $678.70, while defendant, at the termination of the employment, admitted an indebtedness to plaintiff in the sum of $37.89 and tendered its check in payment thereof, which tender was refused and the check returned. Defendant subsequently claimed that plaintiff, by reason of his alleged violation of the terms of the contract, was indebted to it in the sum of $7215.00, for which it sought judgment.

The record consists of 904 folios; plaintiff's exhibits were marked A to W; while defendant's were numbered from 1 to 45 inclusive.

The evidence adduced at the trial was in hopeless conflict, and, at the conclusion thereof, the court entered judgment in favor of plaintiff for the sum of

$621.75, with interest and costs, and dismissed defendant's counterclaim and cross complaint.

The specifications of points are four in number, i.e., The court erred: (1) In finding against defendant on its cross complaint; (2) in holding defendant's cross complaint was not established; (3) that the court's ruling is contrary to the evidence; (4) the judgment of the court is contrary to the law. These specifications of points are thus summarized by defendant: "The sole question for decision is whether or not the plaintiff is responsible for welders and supplies, *shipped to him* in Texas, while he was sales manager for the company under written contract and the facts and circumstances of the case."

■ We call attention to the inadequacy of the specifications of points (Rule 111 [f], R.C.P. Colo.); also to the fact that there is no judgment in the record (Rule 112 [a], R.C.P. Colo.); however, since the attorneys have treated it as properly entered, we shall do likewise. There were forty-four exhibits offered by defendant and received in evidence, all documentary in nature, of which only two appear in the record before us. As to the remainder thereof, the following, or a similar, notation appears in the record, "Same being a voluminous file, cannot be attached to this record, and same is in custody of the Clerk of the District Court at Fort Collins, Colorado, subject to either party hereto." Where the sufficiency of the evidence to support the findings and judgment is questioned, such practice cannot be approved.

■ Notwithstanding the insufficiency of the record presented, it has been studied, and in it there is found competent evidence—although the same is disputed—to support the findings and judgment of the trial court, which, accordingly, is affirmed.